UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X   Docket No.: 1:11-CV-0616
PAMELA JONES,                                                                                              GLS/DRH

                        Plaintiff,

        -against-                                                                                            **COMPLAINT**

LYNCH SCHWAB, PLLC and GERALD S. GOOD, ESQ.                    **JURY TRIAL**
                                           Defendants.                                   **DEMANDED**
------------------------------------------------------------------------------X

      Plaintiff, by her attorneys, STEPHEN R. KRAWITZ, LLC, as and for her Complaint, respectfully alleges, upon information and belief:

## JURISDICTION

      1.      The plaintiff PAMELA JONES, at all times herein mentioned was and still is a resident of the County of Lackawanna, State of Pennsylvania.

      2.      Upon information and belief, at all the dates and times hereinafter mentioned, defendant LYNCH SCHWAB, PLLC was and is a law firm, duly organized and existing pursuant to the laws of the State of New York and maintains offices for practice of law at 99 Pine Street, Suite C103, Albany, New York 12207.

      3.      Upon information and belief, at all the dates and times hereinafter mentioned, defendant., GERALD S. GOOD, ESQ was and is duly licensed to practice as an attorney and counselor at law under the laws of the State of New York and maintained offices for practice of his profession at 99 Pine Street, Suite C103, Albany, New York 12207.

      4.      There is complete diversity of citizenship between the plaintiff and the defendants.

      5.      This action is brought pursuant to 28 U.S.C. § 1332 (1), therefore jurisdiction and

venue are proper.

6. The amount in controversy exceeds $75,000 exclusive of interest and costs.

7. The defendant GERALD S. GOOD, ESQ, at all times herein mentioned was and still is a member of the defendant LYNCH SCHWAB, PLLC.

8. The defendant LYNCH SCHWAB, PLLC., at all times herein mentioned, was and still is a professional limited liability corporation organized and existing under the laws of the State of New York with its principal place of business situated at 99 Pine Street, Suite C103, Albany, New York 12207.

9. The defendant LYNCH SCHWAB, PLLC, at all times herein mentioned conducted and carried on business in the State of New York.

10. The defendant GERALD S. GOOD, ESQ at all times herein mentioned conducted and carried on business in the State of New York.

11. At all times herein mentioned, defendant LYNCH SCHWAB, PLLC transacted business within the State of New York.

12. At all times herein mentioned, defendant GERALD S. GOOD, ESQ. transacted business within the State of New York.

13. At all times herein mentioned, defendant LYNCH SCHWAB, PLLC derived substantial revenue from goods used or consumed or services rendered in the State of New York.

14. At all times herein mentioned, defendant GERALD S. GOOD, ESQ derived substantial revenue from goods used or consumed or services rendered in the State of New York.

15. At all times herein mentioned, defendant LYNCH SCHWAB, PLLC expected or should reasonably have expected its acts to have consequences in the State of New York.

16. At all times herein mentioned, defendant GERALD S. GOOD, ESQ expected or should reasonably have expected his acts to have consequences in the State of New York.

17. That on or about February 18, 2006, plaintiff Pamela Jones sustained serious and permanent personal injuries when she was caused to slip and fall at the Discovery Lodge located at the Belleayre Mountain Ski Center in Highmount, New York due to wet, slippery and obstruction conditions throughout the Lodge area.

18. Discovery Lodge located at Belleayre Mountain Ski Center in Highmount, NY is owned, operated, maintained and controlled by the State of New York.

19. Thereafter, the plaintiff Pamela Jones retained LYNCH SCHWAB, PLLC and GERALD S. GOOD, ESQ to recover damages on her behalf as a result of a slip and fall incident that occurred at Discovery Lodge located at the Belleayre Mountain Ski Center in Highmount, New York.

20. Upon information and belief the defendants LYNCH SCHWAB, PLLC and GERALD S. GOOD, ESQ. failed to properly investigate the Lodge condition and failed to obtain witness statements and previous incident reports. The defendants failed to properly examine witnesses to determine the facts of the Lodge conditions and plaintiffs slip and fall.

21. Upon information and belief defendants LYNCH SCHWAB, PLLC and GERALD S. GOOD, ESQ., failed to obtain the services of a qualified expert to render an opinion concerning the dangerous, defective and negligently maintained condition which was the proximate cause of plaintiff's injuries.

22. The State of New York made a motion for summary judgment which was granted against the plaintiff, based on the fact that the defendants did not properly prosecute the

plaintiff's case due to a lack of pertinent witness statements and the absence of an expert to render an opinion concerning the dangerous and defective condition.

23. That the defendants jointly and/or severally accepted the retainer of the matter and undertook to prosecute the action on behalf of the plaintiff in a proper, skillful and diligent manner as attorneys for plaintiff.

24. Upon information and belief, if the defendants had prosecuted the action against the State of New York in a proper, skillful and diligent manner the summary judgment motion against her would not have been granted and she could have proceeded to trial on the merits in the New York State Court of Claims.

25. That upon information and belief, the defendants negligently, improperly and unskillfully prosecute the action against the State of New York.

26. That by reason of the foregoing negligence of the defendants, the plaintiff is forever barred from commencing an action against the responsible party.

24. That the defendants were negligent, careless and reckless in the practice of law in that the defendants negligently failed to properly prosecute the action and in causing grievous harm by denying her a recovery she was justly entitled to from the defendants on the underlying action and in that the defendants were otherwise careless, reckless, and negligent in their representation of the plaintiff and the proper prosecution of her claim against the State of New York.

25. That as a result of the aforesaid negligent, careless and reckless conduct on the part of the defendants, plaintiff PAMELA JONES , has been damaged in a sum in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, plaintiff demands judgment against the defendants in a sum in excess of the minimum jurisdictional limits of this Court., together with interest and the costs and disbursements of this action.

Dated:     New York, NY
           May 10, 2011

                                        Yours, etc.,


                                        _____
                                        STEPHEN R. KRAWITZ, LLC
                                        By: Stephen R. Krawitz, Esq.
                                        Attorneys for Plaintiff
                                        271 Madison Avenue, Suite 200
                                        New York, New York 10016
                                        (212) 682-0707
                                        skrawitz@aol.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X   Docket No.:
PAMELA JONES,

                                                   **ATTORNEY'S**
                                                   **CERTIFICATION**

                      Plaintiff,

       -against-

LYNCH SCHWAB, PLLC and GERALD S. GOOD, ESQ.

                    Defendants.
-------------------------------------------------------------------------------X

      STEPHEN R. KRAWITZ, Esq, an attorney duly admitted to practice law in the State of New York hereby affirms under the penalty of perjury the following:

      I am a member of the firm of STEPHEN R. KRAWITZ, LLC., the attorneys of record for the plaintiff.

      I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

      The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiffs, information contained in the said plaintiffs' file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated:      New York, New York
               June 2, 2011

                                            *Stephen R. Krawitz*
                                            STEPHEN R. KRAWITZ, ESQ.