UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAMELA JONES,

                Plaintiff,                No. 1:11-cv-616
                                                   (GLS/CFH)

        v.

LYNCH SCHWAB, PLLC et al.,

                Defendants.
_____

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of Stephen R. Krawtiz, LLC       STEPHEN R. KRAWITZ, ESQ.
271 Madison Avenue - Suite 200
New York, NY 10016

**FOR THE DEFENDANTS:**
Hiscock, Barclay Law Firm             DAVID B. CABANISS, ESQ.
800 State Street                          RYAN P. KELEHER, ESQ.
Albany, NY 12207

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff Pamela Jones commenced this action against defendants Lynch Schwab, PLLC and Gerald S. Good, Esq., alleging legal malpractice. (Compl. ¶¶ 20, 21, Dkt. No. 1.) Pending is defendants'

motion for summary judgment. (Dkt. No. 23.) Jones opposes the motion. (Dkt. No. 37, Attach. 4.) For the reasons that follow, defendants' motion is granted.

## II. Background

### A. Facts

Good and Lynch Schwab represented Jones in an underlying personal injury action. (Defs.' Statement of Material Facts (SMF) ¶ 1, Dkt. No. 23, Attach 13.) Jones claimed that she sustained personal injuries on February 18, 2006 when she slipped and fell in the ski lodge at Belleayre Mountain Ski Center, which was owned, operated, and maintained by New York State. (*Id.* ¶¶ 1, 3; Dkt. No. 23, Attach. 12 at 3.)

Good commenced the underlying lawsuit by filing a notice of claim and notice of intention to file claim and served a bill of particulars on Jones' behalf. (Defs.' SMF ¶¶ 4, 5.) As alleged in the complaint—and not refuted by defendants—Good did not obtain any previous incident reports or lay or expert witness statements concerning the location of the fall and the condition of the floor where plaintiff fell. (Compl. ¶¶ 20, 21.)

On September 15, 2009, a bench trial was conducted in the New York Court of Claims. (Defs.' SMF ¶ 7.) The State moved to dismiss at

the close of Jones' case. (*Id.* ¶ 10.) The Court of Claims granted the State's motion to dismiss because Jones "did not establish where she fell, or that a dangerous condition existed there," "there [was] no evidence that the floor was wet or slippery," and Jones "conceded that she really had no idea how far she traveled, and thus, where she fell, after entering the main room of the Lodge." (*Id.* ¶¶ 11-14; Dkt. No. 23, Attach. 12 at 7.)

Jones then commenced this lawsuit against defendants, alleging legal malpractice. (Compl.) The gravamen of the complaint is that Good failed to investigate the conditions in the Belleayre lodge, failed to obtain witness statements, failed to obtain previous incident reports, and failed to obtain the services of a qualified expert to render an opinion concerning the alleged condition which was the proximate cause of Jones' injuries. (*Id.* ¶¶ 20-21.)

**B.    Procedural History**[1]

Jones commenced this action on June 2, 2011. (Compl.) Following joinder of issue, (Dkt. No. 4), discovery commenced, including the

---

[1] Given the unique procedural background of this case, a more detailed explanation of the procedural history, particularly with regard to discovery, is necessary.

depositions of Jones and Good, (Dkt. No. 23, Attach. 1 ¶¶ 17, 19; Dkt. No. 23, Attach. 5).

Defendants also served Jones with interrogatories and document demands, (Dkt. No. 13, Attachs. 2, 3; Dkt. No. 16, Attachs. 3, 5), to which Jones failed to respond, (Dkt. No. 18 at 3). The court then entered an order compelling Jones to serve responses to the outstanding interrogatories and document demands by March 2, 2012, (Dkt. No. 11), but Jones again failed to serve any responses, (Dkt. No. 18 at 3). The deadline for Jones to serve responses to the outstanding discovery demands was extended a second time. (*Id.*) Although Jones served responses by the deadline, the responses were not signed by Jones, generally referred defendants to documents and information which Jones asserted must have been acquired by defendants in the Court of Claims action, and failed to identify witnesses. (*Id.*; Dkt. No. 23, Attachs. 2, 3, 4.)

Defendants then made a motion to preclude Jones from offering evidence of any witness or expert that she claims should have been relied upon in the underlying dispute. (Dkt. No. 13.) In a Memorandum-Decision and Order dated July 10, 2012, Magistrate Judge David R. Homer granted defendants' request to preclude Jones from offering evidence or testimony

at trial relating to the identities of lay and expert witnesses whom Jones contends that defendants should have called to testify at the Court of Claims action.² (Dkt. No. 18 at 10-11.) Defendants then moved for summary judgment, (Dkt. No. 23), which Jones opposed, (Dkt. No. 37). In support of her opposition papers, Jones attached the affidavits of John O'Hearn and David Salerno, who claim that the floor in the location where Jones fell was wet and slippery. (Dkt. No. 37, Attach 2; Dkt. No. 37, Attach. 3 at 1.)

### III. Standard of Review

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd*, 489 F. App'x 500 (2d Cir. 2012).

### IV. Discussion

Defendants argue that: (1) Jones cannot establish that defendants

---

² The court has had no occasion to question Judge Homer's order of preclusion. Jones never filed a magistrate appeal or raised concerns with the order in her opposition to defendants' motion for summary judgment.

departed from the standard of care because she never disclosed an expert with respect to defendants' alleged negligence, (Dkt. No. 23, Attach 14 at 3-4); and (2) even if Jones could establish that defendants departed from the standard of care, she cannot establish the required "but for" causation because she is precluded from offering evidence relating to witnesses and experts and her own testimony establishes that she does not know what caused her to fall, (*id.* at 4-6). The court addresses both of these arguments in turn.

"To prevail on a claim for legal malpractice under New York law, a plaintiff must establish: (1) attorney negligence; (2) which is the proximate cause of a loss; and (3) actual damages." *Nordwind v. Rowland*, 584 F.3d 420, 429 (2d Cir. 2009) (internal quotation marks, citation, and emphasis omitted). "An attorney is negligent if . . . he failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession." *Rubens v. Mason*, 387 F.3d 183, 189 (2d Cir. 2004) (internal quotation marks and citation omitted). "However, an attorney is not held to the rule of infallibility and is not liable for an honest mistake of judgment where the proper course is open to reasonable doubt." *Bernstein v. Oppenheim & Co.*, 160 A.D.2d 428, 430 (1st Dep't 1990)

(citation omitted).  Nor does "selection of one among several reasonable courses of action . . . constitute malpractice."  *Rosner v. Paley*, 65 N.Y.2d 736, 738 (1985) (citations omitted).  "To establish the elements of proximate cause and damages, a plaintiff must show that but for the defendant's negligence, . . . she would have prevailed in the underlying action or would not have sustained any damages."  *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 118 (2d Cir. 2005) (internal quotation marks and citation omitted).  Thus, "the plaintiff must show that the attorney's breach of [his] professional duty caused the plaintiff's actual damages."  *McCoy v. Feinman*, 99 N.Y.2d 295, 301-02 (2002) (citations omitted).

### A.     Departure from the Standard of Care

Defendants argue that deviation from the applicable standard of care must be established by admissible expert evidence.  (Dkt. No. 23, Attach. 14 at 4.)  Specifically, defendants contend that Jones' failure to disclose an expert regarding Good's departure from the standard of care now prevents her from demonstrating the existence of an issue of material fact.  (*Id.*)  Defendants' argument is without merit.

Jones' failure to proffer expert testimony is not fatal to her claim.  While plaintiffs in professional malpractice actions "[g]enerally . . . proffer

7

expert opinion evidence on the duty of care to meet their burden of proof in opposition to a properly supported summary judgment motion," the requirement for expert evidence "may be dispensed with where 'ordinary experience of the fact finder provides sufficient basis for judging the adequacy of the professional service.'" *Estate of Nevelson v. Carro, Spanbock, Kaster & Cuiffo*, 259 A.D.2d 282, 283-84 (1st Dep't 1999) (quoting *S&D Petroleum Co. v. Tamsett*, 144 A.D.2d 849, 850 (3d Dep't 1988)). Further, even assuming that expert testimony is required to establish deviation from the standard of care, "on a motion for summary judgment, the initial burden of coming forward with evidence establishing a prima facie right to judgment is on the movants." *Id.* at 284 ("In this case, defendants offered only conclusory, self-serving statements with no expert or other evidence which would tend to establish, prima facie, that they did not depart from the requisite standard of care.").

Here, while Jones has not provided expert opinions establishing that defendants departed from the standard of care, defendants—the movants—also have not offered expert or other evidence which

establishes that they did not depart from the requisite standard of care.³
(Compl. ¶¶ 20-21; Dkt. No. 37, Attach. 1 at 3); *see Feroleto v. O'Connor*,
No. 1:08-CV-554, 2011 WL 1770267, at *4 (N.D.N.Y. May 6, 2011)
(granting summary judgment for defendant in a legal malpractice action
where the plaintiff failed to provide any expert evidence with regard to the
standard of care, while the defendant "marshaled a series of evidence,
including expert opinions, to demonstrate that his conduct was entirely
reasonable and consistent with his legal obligations"). Jones has alleged
that Good departed from the standard of care by failing, among other
things, to obtain witnesses, expert opinions, and previous incident reports.
(Compl. ¶¶ 20-21; Dkt. No. 37, Attach. 1 at 3.) Consequently, Jones may
nevertheless establish this element of her claim. Accordingly, defendants'
argument fails.

**B. Causation**

Defendants next argue that summary judgment should be granted
because Jones cannot prove that but for defendants' negligence, she

---

³ The court also notes that, experts aside, defendants themselves have not explained how their failure to obtain witnesses, experts, and previous incident reports in the underlying action was not a departure from the standard of care.

9

would have prevailed in the underlying action. (Dkt. No. 23, Attach. 14 at 4-6.) Defendants primarily rely on Jones' deposition testimony and her testimony in the Court of Claims, all of which establish that Jones does not know what caused her to fall. (*Id.*) The court agrees with defendants that Jones cannot prove the requisite but for causation.

In the underlying personal injury action, Jones was required to prove that it was likely that her injuries were caused by the State's negligence, rather than some other cause. *Bernstein* v. *City of N.Y.*, 69 N.Y.2d 1020, 1021-22 (1987). "If 'there are several possible causes of injury, for one or more of which defendant is not responsible, [the] plaintiff cannot recover without proving the injury was sustained wholly or in part by a cause for which the defendant was responsible.'" *Id.* at 1022 (quoting *Digelormo v. Weil*, 260 N.Y. 192, 200 (1932)). Further, mere speculation as to the cause of a fall, where there can be many causes, is fatal to a cause of action. *Smart v. Zambito*, 85 A.D.3d 1721, 1721-22 (4th Dep't 2011).

Here, defendants argue, and the court agrees, that Jones has not proven that a hazardous condition caused her to fall. During her deposition, when asked about what caused her to fall, Jones testified that she "would imagine there was snow on the floor." (Dkt. No. 23, Attach. 5

at 78.) Jones also admitted that she could not conclusively say that snow or water was on the floor in the area where she fell. (*Id.* at 78-79; 83.) This testimony is consistent with the trial in the Court of Claims', at the conclusion of which it held that Jones "did not establish . . . that a dangerous condition existed [where she fell]" and that Jones failed to prove that "the floor was wet or slippery." (Dkt. No. 23, Attach. 12 at 7.) Moreover, Jones is precluded from offering or relying on either expert testimony or lay witness testimony regarding the condition of the location in which she fell. (Dkt. No. 18 at 10.) Therefore, the court cannot rely on the affidavits of O'Hearn or Salerno, both of whom stated that the floor was wet. (Dkt. No. 37, Attachs. 2, 3.)

Summary judgment is appropriate here because Jones cannot prove what caused her to fall. *See Revesz v. Carey*, 86 A.D.3d 821, 823 (3d Dep't 2011) (summary judgment was properly granted where the "plaintiff's own inability to identify how she fell or what caused her to trip," and, therefore, any claim that her fall was caused by a dangerous condition "would be based on 'nothing more than surmise, conjecture and speculation'" (citations omitted)); *Barnes v. Di Benedetto*, 294 A.D.2d 655, 656-57 (3d Dep't 2002) (summary judgment should have been granted

where "plaintiff's own inability to identify the cause of her fall . . . [would require] a jury . . . to improperly speculate"); *Dapp v. Larson*, 240 A.D.2d 918, 918-19 (3d Dep't 1997). Because Jones cannot establish that a dangerous condition caused her to fall, she cannot prove that but for defendants' negligence, she would have prevailed in the underlying personal injury action. Accordingly, defendants' motion for summary judgment should be granted.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 23) is **GRANTED**; and it is further

**ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 30, 2013
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court